UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MILWAUKEE DIVISION

---

WEST BEND HIGH SCHOOL GAY STRAIGHT ALLIANCE,
an unincorporated association;
N.D.S., through his parent and next friend DAVID S.; and
I.M.P., through his parent and next friend MELANIE P.,

        Plaintiffs,

vs.

BOARD OF EDUCATION, WEST BEND JOINT SCHOOL
DISTRICT NO. 1,

        Defendant.
_____

**COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF**
_____

Plaintiffs, WEST BEND HIGH SCHOOL GAY STRAIGHT ALLIANCE (the "West Bend GSA") N.D.S. and I.M.P., (collectively the "Plaintiffs") sue defendant, BOARD OF EDUCATION, WEST BEND JOINT SCHOOL DISTRICT NO. 1 ("WBSD" or "Defendant"), and allege the following:

**NATURE OF THE ACTION**

1. This is an action for:

 (A) a declaratory judgment, injunctive relief, and

 (B) nominal damages not to exceed twenty dollars to remedy unlawful

**Waring R. Fincke**

denial of official club status to the West Bend GSA at West Bend West and West Bend East High Schools ("WBHS")

2. Defendant's actions violate the federal Equal Access Act, 20 U.S.C. §§4071, *et. seq.,* which grants all non-curriculum related student groups equal access rights if a school recognizes one or more non-curriculum related student groups. This claim is brought under 20 U.S.C. §§4071, *et. seq.* and 42 U.S.C. §1983.

3. Defendant's action also violates the First Amendment to the United States Constitution. This claim is brought under 42 U.S.C. §1983.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1343(a)(3).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), because the Defendant is a governmental entity operating in this district and the unlawful practices complained of and the actions that give rise to the claims herein occurred within this district.

## PARTIES

6. The West Bend GSA is an unincorporated voluntary association of students who attend the WBHS; West Bend GSA brings this suit on behalf of itself as an organization and on behalf of its members.

7. West Bend GSA is comprised of individual members who are students at West Bend HS.

8. N.D.S. is a minor student in his junior year at WBHS and a member of the West Bend GSA. He sues here by his next friend and parent, David S. He sues in his individual capacity and as a member and co-president of the West Bend GSA.

9. I.M.P. is a minor student in his junior year at WBHS. He sues here by his next friend and parent, Melanie P. He sues in his individual capacity and as a member and co-president of the West Bend GSA.

10. WBSD is the legal entity that operates WBHS. WBSD is a public entity created by the Wisconsin Constitution, and derives its authority from Ch. 118 and 120, Wis. Stats., and is subject to suit pursuant to §895.46, Wis. Stats.

11. WBSD and WBHS receive federal funding.

12. WBHS are public secondary schools.

## GENERAL ALLEGATIONS

13. Paragraphs 1 through 12 are incorporated herein by reference as if set forth in full.

14. Plaintiffs sought official recognition of the West Bend GSA as an officially recognized school club and access to WBHS on an equal basis with other student groups at various times during the past eight school years.

15. The West Bend GSA started meeting informally at WBHS in approximately 2000.

16. Beginning in the 2004-05 school year up to 2009, various West Bend GSA student leaders and/or volunteer faculty advisors sought permission for the West Bend GSA to become a formally recognized student organization at WBHS. Those requests were denied by administrators citing a variety of reasons, including WBSD not wanting to endorse homosexual activities and the club's alleged lack of connection to the curriculum taught at the schools.

17. Various student clubs met at WBHS during these school years, including the Key Club.

18. In April, 2010, Shana Schloemer, M.S., who was working with the West Bend GSA as a volunteer advisor, sought permission from WBHS staff and administrators to put posters about a GSA event on the school bulletin boards used by other student clubs. The WBHS Principals denied that request because the West Bend GSA was not a recognized student organization.

19. Ms. Schloemer, acting on behalf of the West Bend GSA, then asked how the club could become recognized by the District. She was referred to Ted Neitzke, then Assistant Superintendent for Curriculum and Instruction and now WBSD Superintendent, who denied her request for club recognition, claiming the West Bend GSA did not have sufficient ties to the WBHS

curriculum.

20. In December, 2010, counsel for the West Bend GSA opened a dialog with then Assistant Superintendent Neitzke about Ms. Schloemer's request for GSA recognition. Information was sought from the WBSD as to the process for applying to become a recognized student organization and the criteria used to approve or deny such an application.

21. WBSD had no formal application process for student clubs seeking approval and no written criteria for approval of such applications. It appears that all of the other clubs at WBHS merely asked and were granted official status based upon *ad hoc* decisions made by building Principals.

22. West Bend GSA's counsel was directed to other administrators by Mr. Neitzke and they too denied the GSA request.

23. In January, 2011, the West Bend GSA, through its counsel, initiated a formal discrimination complaint under WBSD Policy 411(AR) against the WBSD for its failure to grant the West Bend GSA's request for club status.

24. While the discrimination complaint was working its way through the process of meetings and investigation, the WBSD agreed that it did not have a formal application process with established criteria for approval of clubs seeking recognized status at WBHS. The Administration imposed a moratorium on all new clubs, while it developed the process and procedure. The moratorium effectively applied only to the West Bend GSA. All

existing recognized clubs continued operating.

25. After the new application process was developed and decision-making criteria established, the West Bend GSA was invited to submit an application for recognition. No other clubs at the WBHS were required to follow this procedure.

26. The West Bend GSA, through its counsel, submitted a completed application that demonstrated that it met all of the newly established criteria for approval, including ties to the WBHS curriculum.

27. Part of the newly established club approval criteria required all club applications to be approved by WBSD's Board of Education (School Board). No other WBHS student organization was ever required to be approved at this level.

28. After reviewing the West Bend GSA's application and confirming some of the claimed curricular ties, the WBSD administration submitted the application to the School Board with a recommendation for approval. The recommendation indicated that the West Bend GSA met all of the newly created criteria for club recognition.

29. Prior to the scheduled meeting of the West Bend School Board where the GSA application was to be discussed and acted upon, one of the Board's members, David Weigand, and his wife, Mary Weigand, submitted emails to the rest of the Board, the administration and local news media condemning

the GSA for its planned Day of Silence protest over bullying and harassment at the WBHS and of the "homosexual agenda" the group allegedly promoted. As a result of those emails, counsel for the West Bend GSA filed a request with the Board, and with Mr. Weigand specifically, seeking his recusal from the discussion of and vote on the GSA's application. When Mr. Weigand did not respond to that request, West Bend GSA's counsel filed an ethics complaint against Mr. Weigand with WBSD.

29. On May 9, 2011, the School Board met in a work session where the West Bend GSA's application and the administration's recommendation for approval were discussed. Mr. Weigand was asked by the Board President, Randy Marquardt, if Mr. Weigand would recuse himself and Mr. Weigand refused. West Bend GSA counsel presented the Board with written and oral comments indicating the District's obligation to protect the West Bend GSA members, and documentation showing the District's legal obligation to approve the request under the Equal Access Act, including the fact that the existence of the WBHS Key Club, which has absolutely no ties to the curriculum, compelled approval of the GSA even if the curricular ties the GSA claimed were not deemed sufficient. The Board was informed at that work session of the West Bend GSA's intent to pursue the remedies sought here if their application was denied.

30. Later on May 9, 2011, the WBSD Board met in formal session. Mr.

Weigand was again asked if he would recuse himself and he refused. Board Member Todd Miller then made a formal motion to recuse Mr. Weigand. After a discussion that concluded recusal was only appropriate when there was a financial or familial conflict of interest, the motion to recuse was defeated. The administration again presented the West Bend GSA application with documentation that it met all of the established criteria for approval and asked the Board to approve the application. GSA's counsel again informed the Board of the legal obligation to approve and of the consequences of failing to approve the application.

31. During both the work session and the formal Board meeting, Mr. Weigand expressed sentiments critical of gay, lesbian, bisexual, transgendered and gender questioning people and in support of community standards that condemn same-sex sexual practices.

32. Three of the Board members, including Mr. Weigand, disagreed with the administration's conclusion that the GSA had established sufficient curricular ties.

33. The School Board then denied the West Bend GSA's application by a 3-3 vote, with Mr. Weigand casting the deciding vote against approval.

34. Plaintiffs complied with all requirements, rules, and procedures to gain access and recognition for a club at WBHS under the newly created criteria for recognition.

35. The purposes of the West Bend GSA are stated in its application for recognition. A true and correct copy along with the administration's recommendation for approval is attached as Exhibit A.

36. The purposes of the West Bend GSA, as stated in its application, are:

> The West Bend High School GSA exists to combat bullying and harassment through education and advocacy and to provide an emotionally and physically healing learning environment for people of all genders and sexual orientations through strength and unity

37. WBSD has permitted and continues to permit several non-curricular clubs to meet on school grounds during non-instructional time, including before school and after school, and to use other school facilities.

38. At least one non-curriculum related student group met and was recognized at WBHS at the time the West Bend GSA applied for recognition as a student group at WBHS.

39. As of the filing of this Complaint, at least one non-curriculum related student group meets and is officially recognized at WBHS.

40. Official student group status confers a number of benefits on student groups, including, *inter alia*, the right to (a) be listed as an WBHS club; (b) use the WBHS public address system; (c) meet on WBHS property; (d) post club-related information at WBHS; (e) use WBHS equipment and resources; (f) raise funds for club activities; and (g) be photographed and listed in the

WBHS yearbook.

41. The West Bend GSA and its members have been and continue to be deprived of all of the benefits available to participants in other non-curricular groups.

42. The decision to deny access to the West Bend GSA at WBHS was made pursuant to an official custom, policy, or practice of WBSD. Defendant acted under color of state law.

43. The Plaintiffs have no adequate remedy at law.

44. Unless restrained by this Court, Plaintiffs' rights to form a GSA at WBHS and to receive all benefits afforded non-curriculum clubs, will continue to be violated by the Defendant. Plaintiffs have been, and will continue to be irreparably harmed by the deprivation of their constitutional and statutory rights.

## FIRST CLAIM FOR RELIEF

### Violation of Statutory Equal Access Rights Brought Pursuant to 20 U.S.C. §§4071 *et seq.* By All Plaintiffs

Paragraphs 1 through 44 above are incorporated by reference as if set forth in full. Defendant has deprived and is currently depriving the Plaintiffs of rights, privileges, and immunities secured by the Equal Access Act, 20 U.S.C. §4071, in that:

    a. WBHS are public secondary schools that receive

federal financial assistance.

b. WBHS have a "limited open forum" pursuant to the Equal Access Act, 20 U.S.C. §§4071, *el seq.,* because WBHS allows at least one non-curricular student group to meet on school premises during non-instructional time and to utilize other school resources for its operation.

c. Because WBHS maintains a "limited open forum," WBSD may not deny equal access or a fair opportunity to, or discriminate against, any students who wish to conduct a meeting within the "limited open forum" on the basis of religious, political, philosophical, or other content of the speech at such meetings.

d. Defendant violated, and continues to violate, the Equal Access Act by refusing, on the basis of the religious. political, philosophical, or other content or viewpoint of the West Bend GSA's speech, to allow the West Bend GSA to meet on WBHS property on the same terms as it allows recognized student groups to meet, and by refusing the West

Bend GSA and the student members of the West Bend GSA other benefits accorded to recognized student groups.

45. Defendant's violation of the Equal Access Act has caused and continues to cause the Plaintiffs great harm. Plaintiffs seek redress for this violation directly under 20 U.S.C. §4071.

## SECOND CLAIM FOR RELIEF

### Violation of Statutory Equal Access Rights Brought Pursuant to 42 U.S.C. §1983 By All Plaintiffs

46. Paragraphs 1 through 44 above are incorporated by reference as if set forth in full.

47. Defendant has deprived and is depriving the Plaintiffs of rights, privileges, and immunities secured by the Equal Access Act and are liable to the Plaintiffs pursuant to 42 U.S.C. §1983 in that:

    a. WBHS are public secondary schools that receive federal financial assistance.

    b. WBHS have a "limited open forum" pursuant to the Equal Access Act, 20 U.S.C. §§4071, *et seq.,* because WBHS allow at least one non-curricular student group to meet on school premises during non-instructional time.

**Waring R. Fincke**     12

Case 2:11-cv-00453-LA    Filed 05/12/11    Page 12 of 17    Document 1

c. Because WBHS maintain a "limited open forum," WBSD may not deny equal access or a fair opportunity to, or discriminate against, any students who wish to conduct a meeting within the "limited open forum" on the basis of religious, political, philosophical, or other content of the speech at such meetings.

d. Defendant violated. and continues to violate, the Equal Access Act by refusing, on the basis of the religious, political, philosophical, or other content or viewpoint of the West Bend GSA's speech, to allow the West Bend GSA to meet on WBHS property on the same terms as it allows recognized student groups to meet, and by refusing the West Bend GSA and the student members of the West Bend GSA other benefits accorded to recognized student groups.

48. Defendant's violation of the Equal Access Act has caused and continues to cause the Plaintiffs great harm. Plaintiffs' rights under 20 U.S.C. §4071 are actionable under 42 U.S.C. §1983.

## THIRD CLAIM FOR RELIEF

### Violation of First Amendment Brought By All Plaintiffs

49. Paragraphs 1 through 44 above are incorporated by reference as if set forth in full.

50. Defendant's refusal to recognize the GSA and allow it to operate under the same terms as other student groups has deprived, and is continuing to deprive, the Plaintiffs of their rights under the First Amendment to the United States Constitution, which is made applicable to the Defendant by the Fourteenth Amendment and is actionable under 42 U.S.C. §1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. An order declaring that:

   (i) Defendant operates a "limited open forum" under the Equal Access Act at WBHS;

   (ii) Defendant's failure to accord the West Bend GSA benefits given to other recognized student groups is unlawful under 28 U.S.C. § 1983 and the Equal Access Act; and

   (iii) Plaintiffs are entitled to immediate recognition as a student group and to access and use all WBHS facilities on a basis equal to other non-curricular student groups at WBHS;

B. An order declaring that Defendant, by refusing to allow the West Bend

GSA to meet on the WBHS campuses under the same terms and conditions as other student groups and because of the viewpoint and content of its speech, violated and continues to violate Plaintiffs' rights protected under the First Amendment to the United States Constitution;

C. An order awarding nominal damages of less than twenty dollars based on a finding that Defendant's failure to provide N.D.S. the opportunity to form a GSA to meet on WBSD property during non-instructional time under the same terms and conditions as other recognized student groups was unlawful under 28 U.S.C. §1983 and/or the Equal Access Act;

D. An order awarding nominal damages of less than twenty dollars based on a finding that WBSD, by refusing to allow I.M.P. to form a GSA to meet on the WBHS campuses under the same terms and conditions as other recognized student groups because of the viewpoint and content of its speech, violated his rights protected under the First Amendment to the United States Constitution;

E. An order for preliminary and permanent injunction restraining and enjoining Defendant and its directors, officers, agents, affiliates, subsidiaries, servants, employees and all other persons or entities in active concert or privity or participation with them, from directly or indirectly preventing members of the West Bend GSA from (i) meeting on WBHS property on the same terms as it allows non-curricular student groups to

meet, and (ii) enjoying all benefits given to other non-curricular student groups at WBHS;

F. An order for mandatory injunction extending sanctioned student group status to the West Bend GSA at WBHS and the rights and privileges of sanctioned student group status at WBHS upon the West Bend GSA and protecting the West Bend GSA members, faculty and volunteer advisors from retaliation;

G. An order directing Defendant to take such affirmative action necessary to eliminate its unlawful acts and to ensure Plaintiffs' rights will no longer be infringed;

H. Nominal damages of less than twenty dollars in total for all claims;

I. An award to the Plaintiffs of their reasonable attorneys' fees and costs incurred in connection with this action from the Defendant, pursuant to 42 U.S.C. §1988 and/or 20 U.S.C. §4071; and

An order granting such further and different relief as this Court may deem just and proper.

Dated at West Bend, Wisconsin this 12th day of May, 2011.

/s/ Waring R. Fincke

_____
Waring R. Fincke
Attorney for Plaintiffs
State Bar No. 01013875

**WARING R. FINCKE**
Attorney at Law
6945 Colt Circle
West Bend, WI 53090

(262) 334-1030 (voice)
(262) 629-1567 (fax)

email - wrfincke@charter.net
website - web.me.com/wrfincke1

/s/ Daniel P. Patrykus

_____
Daniel P. Patrykus
Attorney for Plaintiffs
State Bar No. 1016146

**KEBERLE & PATRYKUS, LLP**
2100 Gateway Court, Suite100
West Bend, WI 53095

262-334-1944 (voice)
262-334-5034 (fax)

email - dpatrykus@kplaw.org
website – kplaw.org