UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

GAY STRAIGHT ALLIANCE OF
THE WEST BEND HIGH SCHOOLS, an unincorporated association;
N.D.S., through his parent and next friend DAVID S.; and
I.M.P., through his parent and next friend MELANIE P.,

                              Plaintiffs,

vs.                                               Case No. 11-C-453

BOARD OF EDUCATION, WEST BEND JOINT SCHOOL
DISTRICT NO. 1,

                              Defendant.
_____

**CONSENT DECREE AND ORDER**

On May 12, 2011, Plaintiffs Gay Straight Alliance of the West Bend High Schools (GSA), N.D.S., through his parent and next friend David S. and I.M.P., through his parent and next friend Melanie P., filed a Complaint asserting claims under the Equal Access Act and the First Amendment.

Defendant Board of Education, West Bend Joint School District No. 1 has not answered or denied the violations alleged in the Complaint because the deadline for doing so has been extended to August 31, 2011.

The parties wish to avoid further costly and protracted litigation and have agreed voluntarily to resolve Plaintiffs' claims against Defendants without the necessity of a trial by entering into the following Consent

**Waring R. Fincke**

Decree and Order.

The parties, through their respective counsel, agree to, and request the entry of the following Consent Decree and Order:

| | |
|---|---|
| /s/ Waring R. Fincke | /s/ Daniel P. Patrykus |
| _____ | _____ |
| Waring R. Fincke | Daniel P. Patrykus |
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| State Bar No. 1013875 | State Bar No. 1016146 |
| | |
| Dated: <u>July 27, 2011</u> | Dated: <u>July 27, 2011</u> |
| | |
| **Waring R. Fincke** | **Keberle & Patrykus, LLP** |
| Attorney at Law | 2100 Gateway Court, Suite 100 |
| 6945 Colt Circle | West Bend, WI 53095 |
| West Bend, WI 53090 | |
| | |
| (262) 334-1030 (voice) | (262) 334-1944 (voice) |
| (262) 629-1567 (fax) | (262) 334-5034 (fax) |
| email – wrfincke@charter.net | email – dpatrykus@kplaw.org |

/s/ Mary L. Hubacher
_____

Mary L. Hubacher
Attorney for Defendant
State Bar No. 1000695

Dated: <u>July 26, 2011</u>

**Buelow, Vetter, Buikema, Olson & Vliet LLC**
20855 Watertown Rd.
Suite 200
Waukesha, WI 53186
 (262) 364-0254 (voice)
 (262) 364-0274 (fax)
 email – mhubacher@buelowvetter.com

After reviewing the terms of this Consent Decree and Order, the Court concludes that the entry of this Consent Decree and Order comports with federal law and is appropriate under all the circumstances.

Therefore, it is ORDERED, ADJUDGED and DECREED as follows:

1. By the start of the 2011-2012 school year, the Defendant shall remove any condition attached to its approval of the Plaintiff's application for recognition as a school sponsored club as submitted to the Defendant at its meeting on May 9, 2011.

2. The Defendant shall abide by the Equal Access Act, 20 U.S.C. §4071, et. seq., in all of its future deliberations and decisions with respect to the Gay Straight Alliance of the West Bend High Schools.

3. The Defendant shall accord the members and advisors of the Gay Straight Alliance of the West Bend High Schools all of the rights conferred upon them under the First Amendment to the United States Constitution.

4. The Defendant and its individual members shall not retaliate in any fashion against the Plaintiffs or its advisors.

5. This Consent Decree and Order will continue to be enforceable against the Defendant, including all current and successor members, in the future and the Defendant agrees to waive all statute of limitation defenses to any future action to enforce the terms of its terms and requirements.

6. The term of this Consent Decree and Order shall commence on the date it is entered by the Court and terminate seven years thereafter unless the Defendant is found by the Court to have violated its' terms within that seven year period and determines that the Consent Decree and Order should be extended for an additional period of time.

7. The parties consent to the Court's continuing jurisdiction over this matter for the purpose of enforcing the terms of this Consent Decree and Order.

8. The Plaintiffs shall not to seek any monetary funding for its' activities from the West Bend Joint School District No. 1 during the term of this Consent Decree and Order. "Monetary funding" does not include use of school resources made available to all school sponsored clubs such as use of bulletin boards, meeting space and public address announcements.

9. The Plaintiffs hereby waive all claims for attorney's fees and costs up to and including the Court's entry of this Consent Decree and Order. Plaintiffs shall have the right to seek attorney fees and costs with respect to all actions brought to enforce the terms of this Consent Decree and Order.

10. Upon the entry of the Consent Decree and Order by the Court, Plaintiffs will withdraw the separately pending discrimination complaint brought against the West Bend Joint School District No. 1 under its policy and administrative rules.

11. Plaintiffs will not initiate any claim under state law that they may have arising from the facts alleged in their Complaint up to the date this Consent Decree and Order is approved and entered by the Court.

12. Nothing in this Consent Decree and Order will be construed to limit any party's right to enforce this Consent Decree and Order according to its terms. If any court of competent jurisdiction determines that any provision contained in this Consent Order, or any part thereof, cannot be enforced, the parties agree that such determination shall not affect or invalidate the remainder of the Consent Decree and Order.

13. This Consent Decree and Order shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, successors, and assigns.

14. The parties to this Consent Decree and Order shall endeavor in good faith to resolve informally any differences regarding interpretation of, and compliance with, this Consent Decree and Order before bringing such matters to the Court for resolution. However, in the event that Defendant either fails to perform in a timely manner any act required by this Consent Decree and Order or acts in violation of any provision of this Consent Decree and Order, Plaintiffs or Plaintiffs' attorneys may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or nonperformance of certain acts.

15. The Court retains jurisdiction of this action for the duration of the Consent Decree and Order.

16. The case is hereby dismissed without prejudice.

SO ORDERED, this 29th day of July, 2011.

/s_____
Lynn Adelman
U.S. District Court Judge